## Baird & Williams v. Pewitt.

(Decided January 28, 1921.)

### Appeal from Fulton Circuit Court.

1. Evidence—Parol Evidence—Parol evidence of the contents of a written instrument is never admissible in the absence of proof that the instrument itself can not be produced.

2. Evidence—Parol Evidence.—The admission of such parol evidence held to be prejudicial where the only other evidence upon the question at issue was the statement of a witness based largely if not entirely upon his recollection of the contents of the written instrument.

ED. THOMAS for appellants.

No brief for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The only semblance of an issue upon the evidence and the only question submitted to the jury upon the trial of this action on a lost note for $200.00 executed by defendant, now appellee, to T. A. Wallace & Son, and assigned by them to plaintiffs, was whether the assignment occurred before or after maturity.

Upon this motion for an appeal from the judgment for defendant, the plaintiffs insist the court erred (1) in the admission of evidence (2) in denying their motion for a directed verdict, and (3) that the verdict was flagrantly against the evidence.

Plaintiff Baird testified that the note was sold, endorsed and transferred to him and his co-plaintiff by the payees long before its maturity. The only attempted contradiction of this evidence was the testimony of a Mr. Newgent which is thus stated in the bill of exceptions:

"I am and was heretofore cashier of the Farmers Bank at Fulton, Ky. Some time late in 1917, I think it was, but one cannot.be sure of the time, some bank down in Tennessee, sent to the Farmers Bank a note signed by Raymond Pewitt, for the sum of two hundred dollars, dated in February, 1917, I think and it stated on its face something about it being given for a jack. It was sent my bank for collection, I cannot give the name of the bank sending it. It might have been the Lascassas Bank. I did not make any book or other entry, memoranda or entry of any sort of the transaction. The note was then past due, or was a matured note at that time, when received by me. I handled it in the usual way, and it was sent in the usual way, just like most such transactions are. There was a statement or blank form or paper I will call a remittance form, to which this note was attached. The remittance form was such as banks generally use in sending items for collection. My recollection is, and I am pretty sure that the item was sent to my bank, for the account of T. A. Wallace. I think it was so written on this form of letter or remittance form the banker sending it used.

"The plaintiff objects to all statements as to what was on the letter with the note or on the remittance form, to which the note was attached and moves to exclude same. Objection and motion overruled by the court to which plaintiff then excepted.

"It is my recollection that there was no assignment of this note. That no name or names were then on the back of the note. I do not think Baird & Williams' name was on it or used in connection with it, as sent to me.

"Mr. Pewitt was notified of it and came in and was told what it was, and said he had compromised it or something to that effect, and that it was not to be paid, and did not pay it and I sent the note back to the bank which sent it to me, endorsing on the remittance blank or letter form, in substance that Mr. Pewitt understood that the said note was settled or not to be paid by him. That is all I know of it."

Cross-examination:

"Witness, Newgent, testifies that he could not state positively whether he looked on the back side of the said note to see if or not any name of payee or payees or any names at all were then written on the back of the note. He did not show the back of the said note to defendant, Pewitt, when Pewitt came in to see witness about the note. I am pretty sure, the note was sent to my bank, and for the account of T. A. Wallace, but am not positive that I looked over the note or on its back, to see and I can not state that there were none of the payees' names or other names endorsed on the note or written thereon. I handled the item as a collection for the account of T. A. Wallace. To this statement, plaintiff objected, and objection overruled to which action plaintiff excepted. No I cannot state positively that the note then was the property of T. A. Wallace, nor that he had not theretofore endorsed it to plaintiffs."

That the court erred in overruling plaintiff's objection to the evidence of what the so called remittance letter contained is obvious, even if the letter itself would have been admissible, a question we do not now decide, since parol evidence of the contents of a written instrument is never admissible in the absence of proof that the instrument itself can not be produced, as is the case here; and that this was prejudicial error is also obvious since it is apparent that Newgent's testimony in so far as it tends to prove that the note had not been endorsed before maturity is largely if not entirely based upon his recollection of the contents of the letter that accompanied the note rather than upon an inspection of the note itself or a knowledge of its conditions; and it is not improbable that the jury too was influenced by the same considerations in reaching a verdict.

In fact it is doubtful if Newgent's evidence when purged of all reference to or dependence upon the remittance letter is of sufficient probative value to sustain the verdict or even to carry the case to the jury, but we refrain from passing upon these questions now, since a reversal must be ordered for the other reason assigned and the evidence upon another trial in all probabilities will not be the same.

Wherefore an appeal is granted, the judgment is reversed and a new trial ordered.